## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SUSANA SEGOVIA DE VASQUEZ
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

MORUSS CRAB AND SEAFOOD
DISTRIBUTORS, LLC
d/b/a MORUSS SEAFOOD & CRAB HOUSE
2902 Minnesota Avenue SE
Washington, DC 20019

MUDDESSER SAFDAR
10018 Rowan Lane
Laurel, MD 20723

PRAKASH SUBRAMANIAN
a/k/a FNU PRAKASH SUBRAMANIAN
8505 Haskins Place
Takoma Park, MD 20912

      Defendants.

Civil Action No. _____

## COMPLAINT

1.    While Plaintiff worked for Defendants' seafood restaurant, she was paid a flat weekly salary that denied her minimum and overtime wages. In addition, Defendants did not pay Plaintiff for her last week of work.

2.    Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.      Plaintiff Susana Segovia De Vasquez is an adult resident of Prince George's County, Maryland.

6.      Defendant Moruss Crab and Seafood Distributors, LLC is a District of Columbia corporate entity. It does business as Moruss Seafood & Crab House. Its principal place of business is located at 2902 Minnesota Avenue SE, Washington, DC 20019. Its registered agent for service of process is W. Russel Webster, 2902 Minnesota Avenue, Washington, DC 20019.

7.      Defendant Muddesser Safdar is an adult resident of Maryland. He resides at 10018 Rowan Lane, Laurel, MD 20723. He is an owner and officer of Defendant Moruss Crab and Seafood Distributors, LLC. He exercises control over the operations of Moruss Crab and Seafood Distributors, LLC — including its pay practices.

8.      Defendant Prakash Subramanian is an adult resident of Maryland. He is also known as Fnu Prakash Subramanian. He resides at 8505 Haskins Place, Takoma Park, MD 20912. He exercises control over the operations of Moruss Crab and Seafood Distributors, LLC — including its pay practices.

**Factual Allegations**

9.      Defendants own and operate the restaurant "Moruss Seafood & Crab House," located at 2902 Minnesota Avenue SE, Washington, DC 20019.

10.     Plaintiff worked at Moruss Seafood & Crab House from approximately March 2016 through approximately September 12, 2019.

11.     Plaintiff worked at Moruss Seafood & Crab House as a kitchen laborer.

12.     Plaintiff's job duties at Moruss Seafood & Crab House primarily consisted of preparing and cooking food, cleaning her workstation, and mopping floors.

13.     In 2016 and 2017, Plaintiff typically worked five and a-half days per week. During this time, she typically and customarily worked approximately sixty-four hours per week.

14.     In 2018 and 2019, Plaintiff typically worked six days per week. During this time, she typically and customarily worked approximately sixty-eight hours per week.

15.     At all relevant times, Defendants paid Plaintiff a weekly salary.

16.     During the three years prior to the filing of this complaint, Defendants paid Plaintiff approximately the following weekly salaries:

| Approximate Dates | Weekly Salary | Approximate Hours Worked | Effective Hourly Rate |
|---|---|---|---|
| November 01, 2016 – June 30, 2017 | $550.00 | 64 | $11.46 |
| July 01, 2017 – December 31, 2017 | $600.00 | 64 | $9.38 |
| January 01, 2018 – June 30, 2018 | $600.00 | 64 | $8.82 |
| July 01, 2018 – June 30, 2019 | $680.00 | 68 | $10.00 |
| July 01, 2019 – September 12, 2019 | $700.00 | 68 | $10.29 |

17.     At all relevant times, Defendants paid Plaintiff in cash.

18.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

19.     At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

20.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

21.     In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

22.     The District of Columbia required that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

23.     Finally, Defendants did not pay Plaintiff for her last week of work.

24.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $53,566.50 in regular, minimum, and overtime wages (excluding liquidated damages).

25.     Upon information and belief, Defendant Safdar participated in the decision to hire Plaintiff.

26.     Upon information and belief, Defendant Safdar participated in the decision(s) to set Plaintiff's weekly salaries.

27.     Upon information and belief, Defendant Safdar participated in the decision(s) to set Plaintiff's work schedule.

28.     Upon information and belief, Defendant Safdar supervised Plaintiff.

29.     Upon information and belief, Defendant Subramanian participated in the decision to hire Plaintiff.

30.     Upon information and belief, Defendant Subramanian participated in the decision(s) to set Plaintiff's weekly salaries.

31.     Upon information and belief, Defendant Subramanian participated in the decision(s) to set Plaintiff's work schedule.

32.     Upon information and belief, Defendant Subramanian supervised Plaintiff.

33.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

34.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

35.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

36.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

37.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of forty hours in any one workweek.

38.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

39.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

40.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

41.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

42.     At all relevant times, Defendants had employees who handled food products such as seafood that had been raised or caught outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

43.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

45.    The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

46.    Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

47.    Defendants' violations of the FLSA were willful.

48.    For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

49.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

50.    Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

51.    The DCMWA requires that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

52.    The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

53.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

54.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one work-week.

55.     Defendants' violations of the DCMWA were willful.

56.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and over-time wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

57.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

58.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

59.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

60.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

61.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

62.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular, minimum, and overtime wages.

63.     Defendants' violations of the DCWPCL were willful.

64.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**219,208.40**, and grant the following relief:

a.      Award Plaintiff $214,266.00 consisting of the following overlapping elements:

   i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.     unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

   iii.    unpaid regular, D.C. minimum, and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the

DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,542.40);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: November 22, 2019                    Respectfully submitted,

                                           /s/ Justin Zelikovitz
                                           JUSTIN ZELIKOVITZ, #986001
                                           DCWAGELAW
                                           519 H Street NW
                                           Washington, DC 20001
                                           Phone: (202) 803-6083
                                           Fax: (202) 683-6102
                                           justin@dcwagelaw.com

                                           *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

                                           /s/ Justin Zelikovitz